UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| INDIANA REGIONAL COUNCIL OF CARPENTERS PENSION TRUST FUND; INDIANA REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PLAN; INDIANA CARPENTERS WELFARE FUND; INDIANA CARPENTERS APPRENTICESHIP FUND AND JOURNEYMAN UPGRADE PROGRAM; UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA NATIONAL HEALTH & SAFETY FUND and UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA NATIONAL APPRENTICE FUND n/k/a UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA; and, NORTHWEST INDIANA DISTRICT COUNCIL OF CARPENTERS n/k/a INDIANA REGIONAL COUNCIL OF CARPENTERS,<br><br>        Plaintiffs,<br><br>    v.<br><br>STEVE EMMONS d/b/a McLAUGHLIN'S DECORATING COMPANY,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) NO. 2:03-CV-504 PS<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This case coming to be heard on Plaintiffs' Verified Application to Court to Enter An Order and Default Judgment Against Defendant.

Federal Rule of Civil Procedure 55(b) gives the Court the power to enter default judgment in this situation. It provides:

In all other cases the party entitled to judgment by default shall apply to the court

>therefore; but no judgment by default shall be entered against an infant or incompetent person . . . .

Fed. R. Civ. P. 55(b).  However, the Court must exercise sound judicial discretion in entering default.  *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993).  A court may look to a number of factors when deciding a Motion for Default Judgment.  These factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established.  10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 3d  § 2685 (1998).

In this case, almost all of the factors listed above weigh in favor of default judgment.  The amount of money involved is relatively small, and there are no material issues of fact or issues of substantial public importance at issue.  Further, the default is not simply a technicality, as Defendant has not appeared in this matter for a number of hearings.  And these grounds for default have been clearly established.  Thus, default judgment is appropriate.

IT IS HEREBY ADJUDGED, ORDERED AND DECREED that Defendant Steve Emmons d/b/a McLaughlin's Decorating Company shall:

1. Pay $11,777.95 in contributions, interest, liquidated damages, and audit fees to the Indiana Carpenters Welfare Fund, Indiana Regional Council of Carpenters Pension Trust Fund, Indiana Carpenters Apprenticeship Fund and Journeyman Upgrade Program, Indiana Regional Council of Carpenters Defined Contribution Plan, United Brotherhood of Carpenters Apprenticeship Training Fund of North America and Indiana/Kentucy Regional Council of

Carpenters in deductions for the Building Construction Resource Center and Construction Advancement Foundation;

    2. Pay $2,097.88 in deductions to the Indiana/Kentucky Regional Council of Carpenters for its working dues assessment, Savings Vacation Fund and Market Recovery Fund;

    3. Pay $2,650.00 in attorneys' fees and $201.32 in costs, respectively;

    4. Pay statutory post-judgment interest on all monies identified in paragraphs 1 and 2.

All of these monies are owed for the period June 12, 2000, through November 24, 2003.

    **SO ORDERED**.

    ENTERED: June 20, 2005

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT